IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN ELBERT BROYLES II,

        Plaintiff,

vs.                                      Case No. 17-3174-SAC

COLE PRESLEY, TINA MILLER,
CITY OF SALINA, and
STATE OF KANSAS,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff John Elbert Broyles II, an inmate at the Graham County Jail, has filed a civil rights complaint, 42 U.S.C. § 1983, naming four defendants in the caption of his complaint. His complaint's allegations only address the actions for two of the named defendants, who are identified as Cole Presley, sheriff and administrator of Graham County Jail, and Tina Miller, supervisor of classifications for diet and administrative status at Saline County Jail. ECF# 1. The complaint names two more defendants, City of Salina and State of Kansas, but there are no allegations regarding their activity for which this action is brought. *Id*. The complaint, however, repeatedly refers to Saline County Jail. *Id*. Mr. Broyles seeks relief based on three causes of action: First Amendment violation resulting from the denial of his right to follow the dietary tenets of his religion; Eighth Amendment violation resulting from the denial of his right to recreation, exercise and

1

nutritional diet; and Fourteenth Amendment violation resulting from the denial of equality in the exercise of religious rights.

Mr. Broyles alleges he has been detained at Saline County Jail since November 21, 2016, and was serving his sentence there until he was transferred to the Graham County Jail on June 27, 2017. *Id.* at pp. 1-2. Mr. Broyles states he practices and exercises the "Jewish faith, 'Yahweh Assembly in Yahshua'" and "adhere(s) to a strict 'kosher' religion diet." *Id.* at p. 1. While at the Saline County Jail, he received a "partial Kosher diet." Mr. Broyles does not appear to bring any claim concerning the conditions of his confinement while residing at the Saline County Jail. Indeed, he wants to be transferred back to this jail. His complaint begins with Saline County's transfer of him to the Graham County Jail and the denial of Kosher meals there. Mr. Broyles alleges he filed grievances after these denials and was told that the jail did not serve Kosher meals. Besides the lack of Kosher meals, Mr. Broyles complains about the following conditions at the Graham County Jail:

> The entire diet (menu) this facility offers is prepared by microwave oven. They provide no milk, fresh vegetables or fruits. No nutrients whatsoever! Lastly, no space or recreation area, nor opportunity to go outside or to a specific recreation area.

ECF# 1, p. 3. Mr. Broyles alleges he has filed grievances with both jails and has asked for a transfer back to the Saline County Jail. He denies receiving formal responses to his grievances. For relief, Mr. Broyles requests a transfer to a facility that provides a Kosher diet, and he also seeks monetary

2

damages from Saline County Jail, Graham County Jail, and the State of Kansas. *Id.* at p. 7.

Attached to his original complaint, the plaintiff attaches two completed "Graham County Jail Inmate Request Forms" that are dated September 18, 2017. ECF#1, Exs. A and B. Exhibit A appears to be a grievance addressed to "Saline County" and states:

> As you have been made aware of since I have been housed at this facility, I am being denied my constitutional right to my First Amendment. I am required a religion (Kosher) diet, which this facility does not provide. This is my (4th or 5th) grievance regarding this issue. Before you farm-out an inmate, you have a legal obligation to ensure that the receiving facilities are properly equipped to meet each
> . . . .

ECF# 1, p. 8. This grievance does not include any response as to the action taken. Exhibit B appears to be a grievance addressed to the Graham County Jail and is asking for confirmation that he is receiving non-pork hot dogs from all of the servers. *Id.* at p. 9. This grievance form includes a response that the "all beef hot dogs" purchased for him are different in size. *Id.*

Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the entire complaint or any part of it, "if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . .

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also*

*Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).

The complaint fails to state a cognizable claim against the State of Kansas. States are entitled to immunity under the Eleventh Amendment, unless the State has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power" although a State's sovereign immunity may be waived). There is no alleged basis for finding an abrogation of immunity or for believing the State would be waiving its immunity for purposes of this suit. "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir.2007) (citation omitted). The State of Kansas is hereby dismissed.

For that matter, the plaintiff names the "City of Salina" as a defendant in the caption of his complaint, but he fails to allege any actions

taken or involvement by the City. The plaintiff's complaint provides no factual or legal basis for believing the City is in anyway responsible for the actions about which the plaintiff complains. For these reasons, the court dismisses the City of Salina from the case.

First Amendment and Fourteenth Amendment

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). The First Amendment's free-exercise clause applies to the States through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). The determination of what constitutes a "reasonable opportunity" is made "in reference to legitimate penological objectives." *Gallagher*, 587 F.3d at 1069. The Tenth Circuit has recognized "that an inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs." *Id.* at 1070 (citing *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (reversing dismissal of First Amendment claims stemming from a denial of Jewish inmates' request for a kosher diet). To allege a claim that his right to free exercise of religion was violated, the plaintiff inmate "must adequately allege that the defendants 'substantially burdened [his] sincerely held religious beliefs.'" *Gallagher*, 587 F.3d at 1069 (citing *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Thus, a plaintiff must allege more than "isolated act[s] of negligence" in order to establish a substantial burden. *See Gallagher*, 587 F.3d at 1070.

For purposes of screening, Mr. Broyles would appear to have alleged First and Fourteenth Amendment free exercise claims against Saline County Jail officials for knowingly transferring him to another facility which would interfere with the exercise of his sincerely held religious belief on diet and then not transferring him back after he complained about the lack of a kosher diet. He also appears to allege a claim against Graham County Jail officials for denying his request for a kosher diet and for failing to provide the same. The Court finds the proper processing of these claims cannot be achieved without additional information from appropriate officials of both jails. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In *pro se* prisoner litigation, the Tenth Circuit endorses the ordering of a "Martinez report" where corrections officials undertake an investigation of the events at issue and construct an administrative record from that investigation. *Id.* at 319. "The purpose of a *Martinez* report is to 'develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.'" *Breedlove v. Costner*, 405 Fed. Appx. 338, 343 (10th Cir. 2010) (unpub.), *cert. denied*, 563 U.S. 965 (2011) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). The court finds that proper processing of plaintiff's claims here cannot be achieved without additional information from appropriate officials of the Saline County Jail and Graham County Jail.

Eighth Amendment

The plaintiff alleges for this claim that he has been denied the right to recreation or exercise as they are "housed in one large separated cubicle without . . . [a] proper recreation area" and they "never go outside." ECF# 1, pp. 3, 5. The plaintiff also alleges for this claim that he has been denied a "proper nutritional diet" as the entire menu is "prepared by 'microwave'" and has no milk, fresh vegetables or fruits. *Id.*

"The Constitution does not mandate comfortable prisons, . . ., but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "There is substantial agreement among the cases in this area that some form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir.), *cert. denied*, 549 U.S. 1059 (2006) (internal quotation marks and citation omitted). "What constitutes adequate exercise will depend on the circumstances of

8

each case," and "penological considerations may, in certain circumstances, justify restrictions." *See Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 810 n.8 (10th Cir. 1999). As for an Eighth Amendment claim based on diet, a prison must provide food that is "nutrionally adequate." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 537 U.S. 978 (2002). "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." *Id*. Prison officials have broad discretionary authority to manage and control prisons. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

The Supreme Court in *Farmer* spelled out that the Eighth Amendment can be violated for inhumane condition when the alleged deprivation is first, "objectively, sufficiently serious," such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." 511 U.S. at 834 (internal citations and quotation marks omitted). "[T]o satisfy this prong of the *Farmer* test, a prisoner must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). To allege an Eighth Amendment violation, the plaintiff must show as the second prong that the defendants acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834;

9

*Miller v. Glanz*, 948 F.2d 1562, 1566-67 (10th Cir. 1991). This standard incorporates balancing "judicial respect for the exigencies of running a" detention facility against the Eighth Amendment concepts related to human dignity and civilized decency. *DeSpain*, 264 F.3d at 973.

The plaintiff's allegations regarding the food provided and the use of a microwave in preparing it fail to state a claim for denial of nutritionally adequate food or for the substantial deprivation of food in violation of the Eighth Amendment. The court dismisses those allegations. As for the claim that the Graham County Jail has denied the plaintiff all outside exercise for months, the Court finds the proper processing of these claims cannot be achieved without additional information from appropriate officials at both jails. *See Martinez v. Aaron*, 570 F.2d at 319.

IT IS THEREFORE ORDERED that the defendants State of Kansas and City of Salina are hereby dismissed;

IT IS FURTHER ORDERED that the plaintiff's Eighth Amendment claim for failure to provide a nutritionally adequate diet is dismissed for failure to state a claim for relief;

IT IS FURTHER ORDERED that,

(1) The clerk of the court shall prepare waiver of service forms for the Sheriff Roger Soldan of Saline County, Kansas, the defendant Tina Miller, the classifications supervisor at Saline County Jail, and the defendant Sheriff B. Cole Presley of Graham County, Kansas, pursuant to Rule 4(d) of the Federal

Rules of Civil Procedure, to be served upon them at no cost to plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed within thirty (30) days after the *Martinez* report is filed.

(2) Officials responsible for the operation of the Saline County Jail, namely Sheriff Roger Soldan of Saline County, Kansas, and the officials responsible for the operation of the Graham County Jail, namely Sheriff B. Cole Presley of Graham County, Kansas, are directed to undertake a review of the subject matter of the complaint and all remaining claims:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4)     Authorization is granted to the officials of the Saline County Jail and Graham County Jail to interview all witnesses having knowledge of the facts, including the plaintiff.

(5)     No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(6)     Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter Sheriff Roger Soldan of Saline County, Kansas, as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein.

Dated this 3rd day of November, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge